IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROLAND GRAHAM, *Plaintiff*, | : : : | |
| v. | : : | CIVIL ACTION NO. 21-CV-1411 |
| DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, *Defendant*. | : : : : | |

## MEMORANDUM

**PAPPERT, J.**                                                             **NOVEMBER 17, 2021**

Roland Graham, a prisoner currently incarcerated at the Philadelphia Industrial Correctional Center ("PICC"), filed this *pro se* civil case against the Department of the Treasury Internal Revenue Service ("IRS") asserting that he did not receive his federal stimulus checks. For the reasons that follow, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I

On March 24, 2021, Graham, along with several other prisoners incarcerated at PICC, filed a Complaint against the IRS with respect to their alleged failure to receive their federal stimulus checks. (ECF No. 2.) The Complaint was signed by Graham, as well as Cesar Saez, Charles Green, Fernando Miraye, Antwon Richard, Durward Allen, Doug Weiser, Andre Davis, Nafece Martin, and Wykeem Bass. (ECF No. 2 at 12.) As of the filing of the Complaint, none of the Plaintiffs paid the fees necessary to commence a civil action in this court or filed an application to proceed *in forma pauperis* along with a certified copy of his prisoner account statement. On April 9, 2021, the Court granted each Plaintiff thirty days to correct the initial filing deficiencies and directed the Clerk

of Court to furnish each Plaintiff with a blank copy of this Court's standard prisoner *in forma pauperis* form to be used if a Plaintiff sought leave to proceed *in forma pauperis*. (ECF No. 5.)  Following the April 9, 2021 Order, the Court granted all named Plaintiffs multiple extensions of time to correct the initial deficiencies, ultimately allowing each Plaintiff more than three months to either pay the fees necessary to commence a civil action or file an application to proceed *in forma pauperis*.  (*See* ECF Nos. 5, 11, 25, 33.)  Only Graham filed a Motion to Proceed *In Forma Pauperis*, as well as a prisoner account statement, on his own behalf.  (*See* ECF Nos. 12, 19, 20, 22-24.)  On July 12, 2021, the Court granted Graham leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 25.)  Because none of the other named Plaintiffs paid the fees necessary to commence a civil action or filed an application to proceed *in forma pauperis* along with a certified copy of his prisoner account statement, the Court dismissed each of them without prejudice. (ECF No. 36.)

Graham's allegations are brief.[1]  He asserts that the IRS "cannot deny economic impact payments" under the "CARES Act" to incarcerated individuals.  (ECF No. 2 at 4.)  Graham seeks an order directing the IRS "to immediately release [his] 3 stimulus checks" he has not yet received.  (*Id.* at 6.)  He also seeks compensatory damages in the amount of $50,000 and punitive damages in the amount of $50,000.  (*Id.* at 9.)

---

[1] Graham's Complaint cites to Rule 23 of the Federal Rules of Civil Procedure, which governs class actions, and he has also repeatedly referred to this matter as a class action. (ECF No. 2.)  Although *pro se* litigants who are not lawyers may represent themselves, they may not pursue claims on behalf of others, including a class of other inmates. *See Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) ("[W]e do not question the District Court's conclusion that *pro se* litigants are generally not appropriate as class representatives."); *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) (*per curiam*) ("Lewis, who is proceeding *pro se*, may not represent a putative class of prisoners."). Accordingly, this case cannot proceed as a potential class action.

II

Graham is proceeding *in forma pauperis*. (ECF No. 25.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Graham is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Graham filed this case pursuant to the Coronavirus Aid, Relief, and Economic Security Act. Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act was signed into law on March 27, 2020 as part of the Government's response to the 2020 coronavirus pandemic. Section 2201 of the statute created a "recovery rebate,"

structured as a $1,200 tax credit for eligible individuals. 26 U.S.C. § 6428. The tax credit was treated as an "advance refund," meaning qualified individuals would directly receive the rebate as an economic impact payment or so called "stimulus check." *Id.* § 6428(f). The CARES Act directs the Secretary of the Treasury to issue the credit "as rapidly as possible" and specifies that no impact payment "shall be made or allowed" after December 31, 2020. *Id.* § 6428(f)(3)(A). Graham seeks a belated stimulus payment.

As Graham has named the IRS as a Defendant, the first issue that must be addressed is whether the United States has waived its sovereign immunity for claims under the CARES Act. At least two other courts have found that the United States has waived sovereign immunity for claims brought under the CARES Act. *See Amandor, et al. v. Mnuchin*, 476 F. Supp. 3d 125, 141-45 (D. Md. Aug. 5, 2020); *R.V. v. Mnuchin*, Civ. A. No. 20-1148, 2020 WL 3402300, at *5-7 (D. Md. June 19, 2020). Construing Graham's allegations liberally, the Court will assume at this early juncture and without definitively determining that the United States has waived its sovereign immunity for his claim based on the reasoning in *Amandor* and *R.V.*

The next question is whether a person seeking payment under the CARES Act must exhaust administrative remedies by first filing a claim for a refund with the IRS pursuant to 26 U.S.C. § 7422. The *R.V.* court rejected the IRS's argument that a refund action is a necessary prerequisite to bringing claims under the CARES Act stating, "[b]y its plain language, § 7422(a) does not apply here because [a claim seeking an advance refund stimulus payment] is not a suit for any tax, penalty, or sum wrongfully collected." *R.V.*, 2020 WL 3402300, at *7; *see also, Amandor*, 476 F. Supp. 3d at 143-44 (noting that requiring the exhaustion of administrative remedies before proceeding

4

with a CARES Act claim "is at odds with the very purpose of the impact payments"). Again, construing Graham's allegations liberally, the Court will assume without deciding that no exhaustion is required since Graham is not challenging an "internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected." 26 U.S.C. § 7422.

Nonetheless, Graham's case is not plausible and must be dismissed under § 1915(e)(2)(B) because he lacks standing to bring his claim. Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.* "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. *Id.* Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

It is clear from the face of Graham's Complaint that he has not suffered an actual or imminent injury-in-fact. Again, to satisfy the injury-in-fact requirement, the plaintiff must plausibly allege "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc.*, at 1548 (quoting *Lujan*, 504 U.S. at 560). Graham has not established that he has suffered an injury or will suffer an imminent injury if the Court does not address his claims because the CARES Act did not grant an eligible individual a right to an immediate economic impact payment. *See* 26 U.S.C. § 6428(f)(3)(A) ("The Secretary shall, subject to the provisions of this title, refund or credit any overpayment attributable to this section as rapidly *as possible*.") (emphasis added). Instead, the statute permits a recovery rebate to be made by advance refund (i.e., a "stimulus check"), or a tax credit, or a combination of the two. 26 U.S.C. § 6428. Assuming Graham is an eligible individual as defined under the law, his claim to an economic impact payment would not be infringed upon unless and until he files his 2020 tax return and is denied the payment by the IRS. Graham therefore has not alleged "an invasion of a legally protected interest" that is actual or imminent. *Spokeo, Inc.*, 136 S. Ct. at 1548.

For these reasons, Graham's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Schaller v. United States Soc. Sec. Admin.*, 844 F. App'x 566, 573 (3d Cir. 2021) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal ... should [be] without prejudice.") (citing *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020)). An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**